Kim E. Miller (178370)
KAHN SWICK & FOTI, LLC
250 Park Ave., 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

*Counsel for Movant, Jonathan Coon*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MANIRAJ ASHIRWAD GNANARAJ, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LILIUM N.V. F/K/A QELL ACQUISITION CORP., BARRY ENGLE, DANIEL WIEGAND, and GEOFFREY RICHARDSON, <br><br> Defendants. | Case No. 2:22-cv-02564-FMO <br><br> **JONATHAN COON'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **CLASS ACTION** <br><br> Judge:      Hon. Fernando M. Olguin <br> Date:        Thursday, July 21, 2022 <br> Time:        10:00 a.m. <br> Courtroom:  6D – 6th Floor |

NOTICE OF MOTION AND MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD COUNSEL

CASE No. 2:22-cv-02564-FMO

# **TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................1

II.    PROCEDURAL BACKGROUND ......................................................2

III.   STATEMENT OF FACTS ..................................................................3

IV.    ARGUMENT .......................................................................................5

    A.    The Requirements of the PSLRA are Satisfied Here ...........................5

    B.    Mr. Coon Is The "Most Adequate Plaintiff" ......................................6

        1.    Mr. Coon's Motion is Timely ......................................................6

        2.    Mr. Coon Possesses the "Largest Financial Interest" in the Relief Sought by the Class ...........................................................7

        3.    Mr. Coon Meets the Requirements of Rule 23 ...........................7

    C.    This Court Should Approve Mr. Coon's Choice of Lead Counsel.......9

V.     CONCLUSION ..................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                             **Page(s)**

*Camelot Event Driven Fund v. Alta Mesa Res., Inc.*,
2021 U.S. Dist. LEXIS 71757 (S.D. Tex. 2021) .................................................... 3

*Chen v. CytRx Corp.*,
2014 U.S. Dist. LEXIS 194696 (C.D. Cal. 2014) ................................................. 10

*Deinnocentis v. Dropbox, Inc.*,
2020 U.S. Dist. LEXIS 8680 (N.D. Cal. 2020) ...................................................... 9

*Erica P. John Fund, Inc. v. Halliburton Co.*,
563 U.S. 804, 131 S. Ct. 2179 (2011) .............................................................. 10-11

*Ferreira v. Funko, Inc.*,
2020 U.S. Dist. LEXIS 106515 (C.D. Cal. 2020) ................................................ 5, 8

*Fragala v. 500.com Ltd.*,
2015 U.S. Dist. LEXIS 188276 (C.D. Cal. 2015) ................................................ 2, 5

*Gudimetla v. Ambow Educ. Holding Ltd.*,
2012 U.S. Dist. LEXIS 195807 (C.D. Cal. 2012) .................................................. 8

*Halliburton Co. v. Erica P. John Fund, Inc.*,
134 S. Ct. 2398 (2014) ......................................................................................... 10

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002).......................................................................... *passim*

*In re Cheetah Mobile, Inc. Sec. Litig.*,
2021 U.S. Dist. LEXIS 6266 (C.D. Cal. 2021) ...................................................... 7

*In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*,
2020 U.S. Dist. LEXIS 49786 (S.D.N.Y. 2020) .................................................. 10

*In re Cohen*,
586 F.3d 703 (9th Cir. 2009) ............................................................................. 1, 9

*In re Health Ins. Innovations Secs. Litig.*,
2021 U.S. Dist. LEXIS 61051 (M.D. Fla. 2021) .................................................. 11

*Jean v. STEC, Inc.*,
    2010 U.S. Dist. LEXIS 165723 (C.D. Cal. 2010) ..................................................... 10

*Just Film, Inc. v. Buono*,
    847 F.3d 1108 (9th Cir. 2017) .................................................................... 8

*Kasper v. AAC Holdings, Inc.*,
    2017 U.S. Dist. LEXIS 109608 (M.D. Tenn. 2017) ............................................ 10

*Khoja v. Orexigen Therapeutics*,
    2021 U.S. Dist. LEXIS 230105 (S.D. Cal. 2021) ................................................. 10

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ..................................................................... 10

*Kim v. Advanced Micro Devices, Inc.*,
    2018 U.S. Dist. LEXIS 98172 (N.D. Cal. 2018) ................................................ 7-8

*Lako v. Loandepot, Inc.*,
    2022 U.S. Dist. LEXIS 79063 (C.D. Cal. 2022) ................................................... 7

*Loftus v. Primero Mining Corp.*,
    2016 U.S. Dist. LEXIS 204773 (C.D. Cal. 2016) .................................................. 7

*Mersho v. U.S. Dist. Court*,
    6 F.4th 891 (9th Cir. 2021) ....................................................................... 5

*Moradpour v. Velodyne Lidar, Inc.*,
    2021 U.S. Dist. LEXIS 124472 (N.D. Cal. 2021) ................................................ 10

*Zhu v. UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) .................................................... 6

*Ziolkowski v. Netflix, Inc.*,
    2017 U.S. Dist. LEXIS 91848 (N.D. Cal. 2017) ............................................. 9, 10

**Federal Statutes**

15 U.S.C. § 78u-4 ............................................................................... *passim*
15 U.S.C. § 78j(b) ..................................................................................... 1, 2
15 U.S.C. § 78t(a) ..................................................................................... 1, 2

**Rules**

FED. R. CIV. P. 10 ........................................................................................... 1, 2

FED. R. CIV. P. 23 ...................................................................................1, 5, 6, 8, 10

**Other**

17 C.F.R. § 240.10b-5 .................................................................................. 1, 2

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 10:00 a.m. on Thursday, July 21, 2022, or as soon thereafter as the matter may be heard, before the Honorable Fernando M. Olguin, United States District Court, Central District of California, First Street Courthouse, Courtroom 6D – 6th Floor, 350 W. 1st Street, Los Angeles, CA 90012, Jonathan Coon, will and hereby does move for an order (i) appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (ii) approving his selection of Kahn Swick & Foti, LLC as Lead Counsel for the putative class. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the attached declaration and exhibits, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this motion.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Jonathan Coon should be appointed as Lead Plaintiff pursuant to the PSLRA. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); § IV(B), *infra*.

2. Whether the Court should approve Jonathan Coon's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel. *See generally In re Cohen*, 586 F.3d 703 (9th Cir. 2009); § IV(C), *infra*.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Jonathan Coon respectfully submits this memorandum of law in support of his motion to: (i) appoint him as lead plaintiff in the above-referenced action pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), as amended by the PSLRA, 15 U.S.C. § 78u-4, and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and (ii) approve his selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the putative Class. *See Cavanaugh*, 306 F.3d at 732.

As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of His Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel ("Miller Decl.") (Exhibits A & B), Mr. Coon suffered estimated losses of $990,412 from his purchases of 150,000 shares of Lilium N.V. f/k/a Qell Acquisition Corp. ("Lilium" or the "Company") securities between March 30, 2021 and March 14, 2022, inclusive ("Class Period"). To the best of his knowledge, this represents the largest financial interest of any investor seeking to be appointed lead plaintiff. In addition, Mr. Coon's Certification demonstrates his awareness of the fiduciary duties associated with serving as a lead plaintiff. *See* Miller Decl., Ex. A. Mr. Coon also satisfies the applicable typicality and adequacy requirements of Rule 23.

Accordingly, as detailed herein, he seeks an order: (i) appointing him as Lead

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

1

CASE NO. 2:22-cv-02564-FMO

Plaintiff in this action pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act; and (ii) approving his selection of KSF as Lead Counsel for the putative Class.

## II.  PROCEDURAL BACKGROUND

On April 18, 2022, Plaintiff Maniraj Ashirwad Gnanaraj filed a lawsuit in this District against Defendants Lilium, Barry Engle, Daniel Weigand, and Geoffrey Richardson (collectively, "Defendants"), alleging violations of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder (the "Action").

This Action brings claims and seeks to recover damages on behalf of a Class consisting of all "persons or entities who purchased or otherwise acquired publicly traded Lilium securities between March 30, 2021 and March 14, 2022, inclusive (the 'Class Period')." ¶ 1.[1] On the same date that the lawsuit was filed, notice of this Action was published in *BusinessWire*, informing investors wishing to serve as lead plaintiff that they must so move the Court no later than June 17, 2022. *See* Miller Decl., Ex. C.[2]

On May 10, 2022, Defendants moved to transfer this Action to the Southern District of Florida contending, *inter alia*, that: (i) that district has a more meaningful connection with the facts of the case, and (ii) the original plaintiff (and his counsel) has engaged in forum shopping. *See, generally,* ECF Nos. 15, 18. Plaintiff Gnanaraj opposed the change of venue. ECF No. 17. The Court has taken that matter under submission and has not ruled as of this filing. ECF No. 23.

---

[1]  "¶__" or "¶¶__" refers to paragraphs in the Complaint at ECF No. 1. All emphasis has been added and internal citations omitted unless otherwise indicated. All capitalized terms use the same definitions as in the Complaint unless otherwise indicated.

[2]  *BusinessWire* is a widely circulated, national business-oriented wire service. This District, and others, routinely find that publication in *BusinessWire* is adequate to advise prospective class members of their right to seek appointment as lead plaintiff in other securities class actions such as this one. *See Fragala v. 500.com Ltd.*, 2015 U.S. Dist. LEXIS 188276, at *16-19 (C.D. Cal. 2015) (collecting cases); *see also* § IV.A, *infra*.

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

2

CASE No. 2:22-cv-02564-FMO

## III. STATEMENT OF FACTS

Qell Acquisition Corp. ("Qell") was a special purpose acquisition company ("SPAC"), commonly called a "blank check company." SPACs "are a form of reverse merger[,]" "used when 'a successful private company merges with a listed empty shell to go public without the paperwork and rigors of a traditional IPO.'" *Camelot Event Driven Fund v. Alta Mesa Res., Inc.*, 2021 U.S. Dist. LEXIS 71757, at *6 n.1 (S.D. Tex. 2021). ¶ 8. On March 30, 2021, Qell filed a current report on Form 8-K, announcing an imminent business combination with Lilium GmbH, a privately-held enterprise developing an electric vertical take-off-and-landing ("eVTOL)") aircraft called the Lilium Jet. *See* ¶ 17; *see also* ¶¶ 7, 17-23.

The merger between the two entities closed on September 14, 2021, whereupon the surviving entity was re-branded "Lilium N.V.", and the combined Company's stock began trading with ticker symbol "LILM" starting on September 15, 2021. ¶ 24. Defendant Engle—who served as Qell's CEO prior to the Merger—became a member of Lilium's Board of Directors. ¶ 9. Defendant Wiegand—founder and CEO of Lilium GmbH—served as CEO and Director of the post-merger Lilium. ¶ 10. Defendant Richardson—who served as Lilium GmbH's CFO prior to the merger—retained that role in the post-merger Company. ¶ 11.

In the lead-up to the merger, the Defendants made several materially misleading statements and omissions suggesting to investors that work on the Lilium Jet was proceeding at pace. ¶¶ 17-23. For example, the initial merger announcement, signed by Defendant Engle, represented that: (i) the Lilium Jet and its proprietary Ducted Electric Vectored Thrust ("DEVT") technology could seat seven persons, with a projected cruise speed of 175 mph at 10,000 feet with a range of over 155 miles; and (ii) proceeds from the merger were intended to fund the launch of commercial operations, planned for

2024. ¶¶ 17-18.[3] Then, on August 11, 2021, the Company filed a proxy statement signed by Engle and Wiegand repeating the above-mentioned Lilium Jet specifications, and further touting the purported advantages of DEVT technology in greater detail. ¶ 19. The proxy further described the certification process for its aircraft, and the significance of the battery system, which it acknowledged as a "critical component of the Lilium Jet." ¶¶ 20-21. The proxy acknowledged that Lilium had invested directly "in a leading battery technology supplier, securing exclusive rights for the eVTOL market for this chemistry[,]" touted the energy levels measured in pouch cells and prototype cells to be used in the Lilium Jet, and asserted "[w]e have successfully validated an early version of a battery system . . . incorporating many of the technologies of our envisioned and certifiable series solution." ¶ 21. Lastly, the proxy asserted the Defendants' belief that its current cash and equivalents, together with anticipated proceeds from the business combination, would provide sufficient funding to commercially launch the Lilium Jet, while touting the due diligence they purportedly performed prior to the merger. ¶¶ 22-23.

But on March 14, 2022, a market research analyst called Iceberg Research released a report raising serious doubts about the Company's prospects. ¶ 27. Titled "LILIUM NV – THE LOSING HORSE IN THE EVTOL RACE[,]" the report detailed several problems with the Company, including but not limited to: (i) its failure to keep any Lilium Jets airborne for more than three minutes during test flights; (ii) that the Company had only completed fifty test flights on its fourth and fifth demonstrators, woefully under the thousand-plus test flights needed for certification; (iii) that two of Lilium's key battery suppliers or officers had been dogged by accusations of

---

[3]    DEVT is a lift system consisting of electric turbofans mounted within a cylindrical duct, purportedly offering significant advantages over more traditional open propeller eVTOL architectures. *See* ¶¶ 17, 19. Said advantages reportedly include lower noise, higher payload, and scalability to larger aircraft. ¶ 19.

misrepresenting their batteries' performance; (iv) that the battery technology needed to make the Lilium Jet practicable did not actually exist, and that Lilium may have misled its investors to the contrary in order to raise capital *via* the merger; and (v) that Lilium's cash reserves would likely be exhausted within eighteen months—far less time than necessary to make the Lilium Jet a commercial reality. ¶¶ 28-31.

On this news, the Company's stock trading values crashed and burned, plummeting $1.25 per share (a decline of -34%) on March 14, 2022, on unusually heavy volume. ¶¶ 32-33. This lawsuit followed.

## IV.   ARGUMENT

### A.   The Requirements of the PSLRA are Satisfied Here

"The three-step process for the selection of lead plaintiff under the PSLRA is 'neither overly complex nor ambiguous.'" *Mersho v. U.S. Dist. Court*, 6 F.4th 891, 899 (9th Cir. 2021), quoting *Cavanaugh*, 306 F.3d at 729. First, notice of the action must be posted so potential class members can move for appointment as lead plaintiff. *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II)).

Here, notice was published on April 18, 2022 through *BusinessWire*. *See* Miller Decl., Ex. C. The notice satisfies the statutory language of the PSLRA (15 U.S.C. § 78u-4(a)(3)(A)) by announcing the pendency of the action, the claims asserted, the proposed Class Period, and advising of the date to seek appointment as lead plaintiff. *Fragala*, 2015 U.S. Dist. LEXIS 188276, at *16; *Ferreira v. Funko, Inc.*, 2020 U.S. Dist. LEXIS 106515, at *8 (C.D. Cal. 2020).

The PSLRA further provides that the Court shall appoint as lead plaintiff the investor that the Court determines to be most capable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). The district court examines the candidates, adopting a presumption that the most adequate plaintiff is the movant with the largest financial interest who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Mersho*, 6 F.4th at 899; *Cavanaugh*, 306 F.3d at 729-30. To

select the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa) has either filed the complaint or made a motion in response to a notice…
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

"The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Only by a showing of proof that a lead plaintiff will not fairly and adequately represent the Class or is subject to unique defenses that will render such plaintiff incapable of adequately representing the putative Class, can this presumption be overcome. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B.    Mr. Coon Is The "Most Adequate Plaintiff"**

**1.    <u>Mr. Coon's Motion is Timely</u>**

The lead plaintiff selection process begins when the first plaintiff files an action and publicizes its pendency, thereby commencing the sixty-day window to seek appointment as lead plaintiff. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010). Because notice was published on April 18, 2022 (*see* Miller Decl., Ex. C), Mr. Coon has satisfied that requirement here by timely seeking appointment. *See id*. As set forth below, Mr. Coon also has a substantial financial interest in this litigation arising from his Class Period Lilium securities transactions.

*See* Miller Decl., Ex. B. He has also demonstrated his willingness to represent the Class, as demonstrated by his Certification which details his Lilium transactions during the Class Period and establishes his understanding of a lead plaintiff's fiduciary duties to the Class. *See* Miller Decl., Ex. A. Additionally, Mr. Coon has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. *See* Miller Decl., Ex. D (KSF firm résumé).

### 2.     Mr. Coon Possesses the "Largest Financial Interest" in the Relief Sought by the Class

Turning to the movants, "the first matter for the Court to decide is which potential lead plaintiff has the largest financial interest in the relief sought by the class." *Lako v. Loandepot, Inc.*, 2022 U.S. Dist. LEXIS 79063, at *8 (C.D. Cal. 2022). To evaluate which movant possesses the largest financial interests, district courts generally consider the four *Olsten-Lax* factors, namely: (i) the total number of shares purchased during the class period; (ii) the net shares purchased during the class period; (iii) the net funds expended during the class period; and (iv) the approximate losses suffered. *Id.*; *see also In re Cheetah Mobile, Inc. Sec. Litig.*, 2021 U.S. Dist. LEXIS 6266, at *7-8 (C.D. Cal. 2021); *Loftus v. Primero Mining Corp.*, 2016 U.S. Dist. LEXIS 204773, at *10 (C.D. Cal. 2016). Here, Mr. Coon purchased 150,000 shares during the Class Period, expending $1.49 million in the process. Overall, he sustained an estimated $990,412 in losses on his investment in Lilium securities. Miller Decl., Ex. B.

### 3.     Mr. Coon Meets the Requirements of Rule 23

A proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of a proposed lead plaintiff. *See Kim v. Advanced Micro Devices, Inc.*, 2018 U.S. Dist. LEXIS 98172, at *5 (N.D. Cal. 2018) ("When ruling on a motion for appointment as lead plaintiff, the main focus is on the

typicality and adequacy requirements of Rule 23.”). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *Funko*, 2020 U.S. Dist. LEXIS 106515, at *20.

### a.   <u>Mr. Coon is Typical</u>

Typicality exists where “the claims . . . of the representative parties are typical of the claims . . . of the class.” FED. R. CIV. P. 23(a)(3). The typicality requirement of Rule 23(a)(3) is satisfied, as here, when the representative plaintiff’s claims arise from the same event or course of conduct that gives rise to claims of other Class members, and when the claims are based on the same legal theory. *See Gudimetla v. Ambow Educ. Holding Ltd.*, 2012 U.S. Dist. LEXIS 195807, at *9 (C.D. Cal. 2012); *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1117 (9th Cir. 2017).

Here, Mr. Coon’s claims are typical. Mr. Coon purchased Lilium during the Class Period when the Company’s stock price was artificially inflated due to Defendants’ alleged misrepresentations. *See* Miller Decl., Ex. A. Both Mr. Coon and the putative Class suffered damages due to their purchases and/or acquisition of Lilium stock during the Class Period. Accordingly, Mr. Coon’s claims arise from the same conduct from which the other Class members’ claims and injuries arise. *See Gudimetla,* 2012 U.S. Dist. LEXIS 195807, at *9.

### b.   <u>Mr. Coon is Adequate</u>

A representative party must also “fairly and adequately protect the interests of the class.” FED. R. CIV. P. 23(a)(4). The PSLRA directs a court to limit its inquiry regarding adequacy to whether: (i) there are any conflicts between his interests and the members of the Class; (ii) a Class member’s interests are aligned with those of other members of the Class; and (iii) there is evidence of any antagonism between their

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

CASE No. 2:22-cv-02564-FMO

respective interests. *See Ziolkowski v. Netflix, Inc.*, 2017 U.S. Dist. LEXIS 91848, at *9-10 (N.D. Cal. 2017). Here, Mr. Coon's interests are clearly aligned with the members of the putative Class because his claims are substantially identical to theirs. *See* ¶¶ 1, 6, 43-58; *Deinnocentis v. Dropbox, Inc.*, 2020 U.S. Dist. LEXIS 8680, at *11-12 (N.D. Cal. 2020). Mr. Coon also has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the financial interest he suffered due to Defendants' alleged conduct. *See* Miller Decl., Ex. B.

Mr. Coon is an entrepreneur who founded 1-800 Contacts, Inc. in his college dorm room before selling the Company in 2012 for $900 million.[4] For more than eight years, he has served as the CEO of the venture capital firm Impossible Ventures.[5] Mr. Coon has further demonstrated his understanding of a lead plaintiff's role in controlling the litigation, supervising counsel, and the fiduciary duties he owes to the Class. Miller Decl., Ex. A at ¶¶ 3, 6. Given the above, he will diligently and capably represent the Class against the Defendants. Moreover, as set forth below, Mr. Coon has selected and retained a law firm highly experienced in successfully prosecuting securities class actions and complex litigation as his proposed lead counsel. Miller Decl., Ex. D.

**C.    This Court Should Approve Mr. Coon's Choice of Lead Counsel**

The PSLRA vests authority in the appointed Lead Plaintiff to select and retain counsel to represent the putative Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cohen*, 586 F.3d at 711-12; *Cavanaugh*, 306 F.3d at 734. Mr. Coon has selected KSF to serve as Lead Counsel for the putative Class, a firm with substantial expertise in the prosecution of securities class actions in federal and state

---

[4]    *See* Phil Thoden, Rotary Club of Austin, (May 28, 2019), https://www.rotary-austin.org/jonathan-coon-1-800-contacts/.

[5]    *See* Jonathan Coon's LinkedIn page, https://www.linkedin.com/in/coonjonathan, last accessed June 17, 2022.

courts across the country. *See* Miller Decl., Ex. D.

Courts throughout the country have found KSF well-qualified to serve as Lead Counsel in securities class actions such as this. *See, e.g., Jean v. STEC, Inc.*, 2010 U.S. Dist. LEXIS 165723, at *9 (C.D. Cal. 2010) (appointing KSF co-lead counsel, noting the firm has "significant experience in prosecuting securities class actions."); *Chen v. CytRx Corp.*, 2014 U.S. Dist. LEXIS 194696, at *9 (C.D. Cal. 2014) ("Based on the firm's résumé and experience with class action securities litigation, the Court is satisfied that Kahn, Swick & Foti, LLC is qualified to serve as lead counsel in this case."); *Ziolkowski*, 2017 U.S. Dist. LEXIS 91848, at *11 (appointing KSF, noting its "extensive experience as lead counsel in securities class actions"); *Moradpour v. Velodyne Lidar, Inc.*, 2021 U.S. Dist. LEXIS 124472, at *8-9 (N.D. Cal. 2021) (appointing KSF as lead counsel); *Kasper v. AAC Holdings, Inc*., 2017 U.S. Dist. LEXIS 109608, at *42-43 (M.D. Tenn. 2017) (after approving KSF as lead counsel, appointing KSF as class counsel pursuant to Fed. R. Civ. P. 23(g)); *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2020 U.S. Dist. LEXIS 49786, at *29 (S.D.N.Y. 2020) (same).

KSF also prevailed on behalf of the court-appointed lead plaintiff in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), *cert. denied sub nom.* 139 S. Ct. 2615 (2019), which significantly altered the federal securities laws (and civil pleading practice generally) in this Circuit. *See* Miller Decl., Ex. D. In the court's order granting final approval in *Khoja*, Judge Sammartino highlighted KSF's "extensive experience prosecuting complex securities class actions," and stated that "settlement may not have been reached without Lead Counsel's skill and expertise." *Khoja v. Orexigen Therapeutics*, 2021 U.S. Dist. LEXIS 230105, at *21, *30 (S.D. Cal. 2021). KSF also served as counsel to the lead plaintiff in the *Halliburton* securities litigation matter, where lead plaintiff twice prevailed before the United States Supreme Court and ultimately obtained a $100 million recovery for the class. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014); *Erica P. John Fund, Inc. v. Halliburton*

*Co.*, 563 U.S. 804, 131 S. Ct. 2179 (2011). The firm's experience and successes should assure the Court that in granting this motion, the Class will receive legal representation of the highest caliber from KSF. *In re Health Ins. Innovations Secs. Litig.*, 2021 U.S. Dist. LEXIS 61051, at *34 (M.D. Fla. 2021) (noting KSF "practices extensively in complex federal civil litigation, particularly securities class actions, and has successfully litigated these types of actions in courts throughout the country.").

## V.   CONCLUSION

For the foregoing reasons, Mr. Coon respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of KSF as lead counsel.

Respectfully submitted,

Dated: June 17, 2022                    KAHN SWICK & FOTI, LLC

By:   */s/ Kim E. Miller*

Kim E. Miller (178370)
KAHN SWICK & FOTI, LLC
250 Park Ave., 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn
(*pro hac vice to be submitted*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com

*Counsel for Movant, Jonathan Coon*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

_/s/ Kim E. Miller_
KIM MILLER

# Mailing Information for a Case 2:22-cv-02564-FMO-MRW Maniraj Ashirwad Gnanaraj v. Lilium N.V. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Boris Feldman**
  boris.feldman@freshfields.com,6188914420@filings.docketbird.com,sheana.chandar@freshfields.com

- **Doru Gavril**
  doru.gavril@freshfields.com,6188914420@filings.docketbird.com,anthony.denatale@freshfields.com,sheana.chandar@freshfields.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Drew S Liming**
  drew.liming@freshfields.com,sheana.chandar@freshfields.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)